**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RESOURCE ASSOCIATES GRANT
WRITING AND EVALUATION SERVICES, INC.,

      Plaintiff and Counterdefendant,

vs.                                                                                                                                         No. CIV 08-0552 JB/LAM

SHELLEY MABERRY, d/b/a,
MABERRY CONSULTING, INC., and
MABERRY CONSULTING AND
EVALUATION SERVICES, LLC,

      Defendants, Counterclaimants,
      and Crossclaimants,

vs.

DEBORAH MONTGOMERY,

      Cross Defendant

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court on the Letter from Mr. David A. Streubel ("Streubel Letter") to the Court (dated August 15, 2008), filed September 8, 2008 (Doc. 76). The Court held a hearing on August 20, 2008. The primary issues are: (i) whether Plaintiff and Counterdefendant Resource Associates Grant Writing and Evaluation Services, Inc. must produce lists of customers, prospective customers, and providers (i.e. grant writers) to allow the Defendants to test its claims; and (ii) whether the Defendants must produce their entire customer list to Resource Associates or only the names of their customers who have been Resource Associates' customers. The Court will require the production of most of this material to the other side under a confidentiality order that provides for attorneys' eyes only review.

**PROCEDURAL BACKGROUND**

At the Temporary Restraining Order and Preliminary Injunction hearing on June 18, 2008, the Defendants argued to the Court, and provided an affidavit, stating: "First of all, that information is not secret, it's not confidential. Most of the grants that we're taking about here are for public money. And, of course, the information about the grant, including the preparer and virtually everything else, is public information, and if it's not known, it's readily ascertainable." Tr. at 12:18-23 (June 18, 2008)(Streubel). See Declaration of Shelley Maberry ¶ 8, at 2-3 (executed June 17, 2008)(Doc. 11-2). The Defendants also previously represented that only about ten percent of the Defendants' clients are former Resource Associates' clients and that the resulting profits are less than $100,000.00. See id. at 26:11-19 (Streubel). Resource Associates contends, however, that the Defendants have not provided information on the balance of the thirty-nine Resource Associates clients whom the Defendants identify on their website. At the June 20, 2008 hearing the Defendants confessed that despite their prior promises not to retain Resource Associates' client list, the Defendants had retained the list as of the time of Defendant Shelley Maberry's separation from research associates. The Defendants returned the list in July 2008.

The time for discovery is short, with a deadline set for December 31, 2008. The Court shortened the time to assist Resource Associates if the Court was wrong in denying its request for injunctive relief. By letter dated August 15, 2008, David Streubel, the Defendants' counsel, wrote to the Court on behalf of the Defendants about discovery issues that promise to result in motions to compel and to delay depositions unless the parties and the Court can address those issues now. The Defendants fear that the parties will not meet the Scheduling Order's deadlines if the parties lose a significant amount of time on these issues. Defendants requested a brief hearing – no more than thirty minutes – to address these issues.

On August 20, 2008, Lorena Olmos de Madalena, Resource Associates' counsel, wrote a response to Mr. Streubel's August 15, 2008 letter to the Court. Resource Associates is glad that Mr. Streubel has embraced the informal method of raising issues with the Court for quick resolution, but hopes that the Defendants will not seek to delay the discovery in this matter by acting on their promises to cancel depositions and to file motions, or to delay production of documents. Resource Associates also states that it will, pursuant to a Confidentiality Order, provide a list of customers as of March 2006, when Defendant Shelley Maberry left Resource Associates.

At the August 20, 2008 hearing, the Defendants argued, among other things, that they are entitled to Resource Associates' current costumer lists. They contended that the information is relevant to Resource Associates' contention that the lists are trade secrets, and whether Resource Associates has taken adequate measures to protect the secrecy of that information. Resource Associates conceded that it would produce the lists up until March 2006, the date of Maberry's separation from Resource Associates.

## ANALYSIS

The parties require the Court's assistance regarding whether and in what manner to produce information about their respective customers and Resource Associates' grant writers. The Court believes that all of most of this material is relevant and should be produced. The Court will require production of most of the material subject to a confidentiality order that provides for attorneys' eyes only review.

**I.  RESOURCE ASSOCIATES MUST PRODUCE ITS LISTS OF CUSTOMERS, PROSPECTIVE CUSTOMERS, AND PROVIDERS (i.e., GRANT WRITERS) AS OF MARCH, 2006 .**

The Defendants are of the opinion that, because Resource Associates brought this matter alleging that its lists of customers, prospective customers, and providers (i.e., grant writers) are trade

secrets, Resource Associates must produce that information to allow the Defendants to test those claims.  From conversations with Resource Associates' counsel, Mr. Streubel understands that Resource Associates will not produce those lists on the ground that they are not relevant.  Resource Associates maintains that, to the extent that the Defendants are demanding the production of Resource Associates' current client list, the claims raised by each side are not of the same character such that the Court should compel the production of Resource Associates' current customer and grant-writer lists.  The Defendants are apprehensive about the Defendants' ability to respect Resource Associates' confidential information.

Resource Associates must produce its customer and grant-writer lists as of the date that Maberry left Resource Associates.  Resource Associates must produce its current customer lists under a confidentiality order providing for attorneys' eyes only review.  The Defendants will need to return those lists at the end of the case.

## II. THE DEFENDANTS MUST PRODUCE THEIR ENTIRE CURRENT CUSTOMER LIST UNDER A CONFIDENTIALITY ORDER THAT PROVIDES FOR ATTORNEYS' EYES ONLY REVIEW.

The Defendants object to producing their entire customer list to Resource Associates on the ground that only their customers who also have been Resource Associates' customers can be of concern to Resource Associates.  The Defendants state that they will identify common customers.  The Defendants also have offered to produce their entire customer list to the Honorable Lourdes Martinez, United States Magistrate Judge, and allow her to identify customers to Resource Associates.  Resource Associates has not agreed to either procedure.  See Struebel Letter at 1.

Resource Associates argues that the Defendants cannot recant the position that their attorney previously took before the Court that client lists are not confidential.  Resource Associates contends that the Defendants appear to be taking the position that their client lists are confidential and should

require special treatment that would unnecessarily impose improper burdens on Judge Martinez and lead to additional delay and problems.

Resource Associates rejects the Defendants' proposed mechanism of screening by Judge Martinez for two reasons. First, Resource Associates maintains that the Defendants' proposal to submit client lists to Judge Martinez for her analysis is not acceptable because the procedure would preclude Resource Associates from having access to the information necessary to prove a portion of its damages claims. Specifically, Resource Associates contends that, while the Defendants assert that only about ten percent of the Defendant's clients are former clients of Resource Associates, the Defendants have not provided information regarding the thirty-nine Resource Associates clients currently identified on the Defendant's web site. See Letter from Lorena Olmos de Madalena at 1 (dated August 15, 2008), filed September 8, 2008 (Doc. 77). Second, Resource Associates argues that it would require a significant amount of time for Judge Martinez to be appraised of the various names that can appear on a client list, and that can refer to the same entity or client. For example, "Rio Grande High School" is a school within "Albuquerque Public Schools," and the grants may be paid for by a vendor named "X." A "client" therefore may appear under any of those names. Thus, it is not readily apparent which clients are in common between Resource Associates and the Defendants by a mere comparison of the client lists, and this task is not appropriate for Judge Martinez.

The Court agrees that this task is more appropriate for the parties' attorneys. Accordingly, the Defendants should produce this material for attorneys' eyes only. If the information needs to be made public, or known by more people than the attorneys, the parties can approach the Court at a later date to discuss how to proceed.

**IT IS ORDERED** that the request for a hearing is granted. The Plaintiff shall produce its

-5-

customer and grant-writer lists in effect as of March 2006 and shall produce current customer lists subject to a confidentiality order providing for attorneys' eyes only review. The Defendants shall produce its current customer lists subject to a confidentiality order providing for attorneys' eyes only review.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Patrick Joseph Rogers
Lorena Olmos de Madalena
Modrall Sperling Roehl Harris & Sisk, P.A.
Albuquerque, New Mexico

    *Attorneys for the Plaintiff and Counterdefendant*

David A. Streubel
Timothy R. Mortimer
Streubel, Kochersberger & Mortimer LLC
Albuquerque, New Mexico

    *Attorneys for the Defendants*