IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RESOURCE ASSOCIATES GRANT WRITING
AND EVALUATION SERVICES, LLC,

      Plaintiff and Counterdefendant,

vs.                                                                                                                                                 No. CIV 08-0552 JB/LAM

SHELLEY MABERRY d/b/a
MABERRY CONSULTING, INC., and
MABERRY CONSULTING AND
EVALUATION SERVICES, LLC,

      Defendants, Counterclaimants
      and Crossclaimants,

vs.

DEBORAH MONTGOMERY,

      Crossclaim Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion for Protective Order by Defendant Shelley Maberry, filed September 8, 2008 (Doc. 74). The Court held a hearing on September 9, 2008. The primary issue is whether the Court should preclude Plaintiff Resource Associates Grant Writing and Evaluation Services, LLC and Crossclaim Defendant Deborah Montgomery from deposing Defendant Shelley Maberry until after Resource Associates and Montgomery answer interrogatories to the Defendants' satisfaction and withdraw the "Attorney Eyes Only" designation that Resource Associates and Montgomery have assigned to certain produced information. Because the Federal Rules of Civil Procedure do not provide for a priority or for a sequencing of discovery, the Court will not interfere with the parties' use and scheduling of different discovery forms, and

will thus deny the motion for protective order.

## PROCEDURAL BACKGROUND

Maberry contends that Resource Associates and Montgomery have failed to respond to many interrogatories. The Defendants are particularly concerned about Resource Associates' failure to answer interrogatories that seek Resource Associates' bases for filing this litigation. The Defendants believe that Resource Associates and Montgomery will attempt to "supplement" their answers with later-acquired information and assert such information was part of its pre-filing investigation for bringing the lawsuit.

Maberry moves the Court, pursuant to rule 26(c)(1)(B) of the Federal Rules of Civil Procedure and D.N.M. LR-Civ. 30.2, to enter a protective order preventing her deposition until such time as Resource Associates and Montgomery provide answers to the Defendants' interrogatories, and remove the "Attorney Eyes Only Confidential" designation pursuant to the Stipulated Confidentiality Order from information to which the Defendants must have access to provide Maberry for her deposition. At the September 9, 2008 Hearing, the Defendants argued that, while in many cases a court need not manage discovery, such management is justified in this case. See Transcript of September 9, 2008 hearing at 12:-7-8 (Streubel)("Tr.").[1] The Defendants contended that they need to know about the pre-filing investigation that Resource Associates did, and what information Resource Associates had before filing its complaint, so that the Defendants can develop their malicious-abuse-of-process claim. See id. at 11:20-25 (Streubel). To alleviate that concern, the Defendants requested a stipulation from Resource Associates that Resource Associates' First Interrogatories and First Requests for Production of Documents on September 2, 2008 state all of

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

the information known to, or in the possession, custody, or control of Resource Associates or Montgomery at the time of answering.  See Tr. at 16:14-18 (Streubel).  See Exhibit 9 to Brief in Support of Shelley Maberry's Motion for Protective Order, filed September 8, 2008 (Doc. 78), Letter from David A. Streubel, Attachment 1 ("Proposed Stipulation").  The Court asked Resource Associates' counsel if, even without entering a formal stipulation, they would concede that they "have stated all the information [they] know on behalf of [R]esources [A]ssociates or Montgomery on the topics of the interrogatories and discovery."  Tr. at 19:17-19 (the Court).  Resource Associates' counsel conceded that it had done so.  See id. at 19:20-24 (Olmos).

## LAW REGARDING SEQUENCING OF DISCOVERY

The Federal Rules of Civil Procedure explicitly eschew a rule of priority in the sequencing of discovery.  See Fed. R. Civ. P. 26(d) ("Unless, on motion, the court orders otherwise for the parties' and witness' conveniences and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery.").  The Notes to the 1970 amendment make clear that the priority rule is disfavored because it leads to various abuses.  See Notes to 1970 Amendment at 155-56.  Instead, the "parties may conduct discovery at the same time.  The fact that one party is conducting discovery does not operate to delay any other party's discovery."  J. MOORE, MOORE'S FEDERAL PRACTICE § 26.122, at 26-576 (3d ed. 2008).  Rule 26(d) is in conformity with the goal of the Federal Rules of Civil Procedure of "extrajudicial discovery with a minimum of court intervention."  FEDERAL CIVIL JUDICIAL PROCEDURE AND RULES at 142 (2008).

## ANALYSIS

The Defendants maintain that they must be allowed to establish the knowledge of Resource Associates and Montgomery before the parties can generally continue with discovery and,

specifically, proceed with Maberry's deposition. Furthermore, the Defendants contend that Maberry's counsel cannot prepare with her for her deposition because of Resource Associates' and Montgomery's designation of much information as "Attorney Eyes Only Confidential" pursuant to the Stipulated Confidentiality Order.

The Court is cognizant of the litigation risks associated with having a client deposed without all available information. The rules do not, however, give parties this absolute luxury, nor do the rules provide for a priority in discovery or in scheduling. Also, the rules are designed to be self-executing. For the Court to step in and start making certain each deponent has all the information he or she wants before a deposition proceeds would be for the Court to put its thumb on the scales for a party at a particular stage of the litigation and, to be fair, require that the Court micro-manage the remaining discovery. Not only is there no guarantee that the Court, with the extraordinary intervention requested, would make the right decision on this particular deposition, but there is no guarantee that the Court, if it micro-managed the remaining depositions, would be able to create a more just and fair result than would allowing the discovery to be self-executing and without the Court's daily oversight.

Resource Associates also stated on the record at the September 9, 2008 hearing that it had turned over all of the information it had at the time. While the Defendants did not obtain a formal stipulation, the statements by Resource Associates' counsel on the record – as agents for its clients – should serve a similar evidentiary function in developing the abuse-of-process claim. Accordingly, for the reasons stated on the record at the hearing, and for other reasons consistent therewith, the Court will deny the Defendants' request that the Court require discovery be conducted in a particular order.

**IT IS ORDERED** that the Motion for Protective Order by Defendant Shelley Maberry is

denied.

                                                  _____
                                                  UNITED STATES DISTRICT JUDGE

Counsel:

Patrick Joseph Rogers
Lorena Olmos de Madalena
  Modrall, Sperling Roehl Harris & Sisk PA
Albuquerque, New Mexico

       *Attorneys for the Plaintiff, Counterdefendant,*
         *and Crossclaim Defendant*

David A. Streubel
Timothy R. Mortimer
  Streubel Kochersberger Mortimer LLC
Albuquerque, New Mexico

       *Attorneys for the Defendants, Counterclaimants,*
         *and Crossclaimants*