### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

RESOURCE ASSOCIATES GRANT WRITING
AND EVALUATION SERVICES, LLC,

       Plaintiff and Counterdefendant,

vs.                                                                                              No. CIV 08-0552 JB/LAM

SHELLEY MABERRY, d/b/a,
MABERRY CONSULTING, INC., and
MABERRY CONSULTING AND
EVALUATION SERVICES, LLC,

       Defendants, Counterclaimants,
        and Crossclaimants,

vs.

DEBORAH MONTGOMERY,

       Crossclaim Defendant.

### MEMORANDUM OPINION AND ORDER

       **THIS MATTER** comes before the Court on Resource Associates Motion to Quash

Deposition Notice and for Protective Order, filed December 5, 2008 (Doc. 112).  The primary issue

is whether the Court should postpone the deposition of Don Davis, scheduled for December 10,

2008, in Boise, Idaho, until such time as Plaintiff Resource Associates Grant Writing and Evaluation

Services, LLC can effect service of a subpoena for documents that Davis has allegedly been

avoiding.  Because the Court does not believe that it is appropriate for the Court to delay the

Defendants' discovery until Resource Associates is ready to do its discovery against Davis, the

Court will deny the motion for protective order without prejudice to Resource Associates seeking

to depose Davis again after he produces the documents that Resource Associates seeks.

**PROCEDURAL BACKGROUND**

Davis is a former grant writer for Resource Associates who now works with the Defendants. On October 29, 2008, the Defendants' counsel notified Resource Associates of Davis' deposition on November 10, 2008. On November 11, 2008, the Defendants noticed, but did not subpoena, Davis to appear for deposition in Boise, Idaho on December 10, 2008. Resource Associates moves the Court, pursuant to rule 26(c) of the Federal Rules of Civil Procedure, to quash the Notice of Deposition of Don Davis scheduled for December 10, 2008, in Boise, Idaho. At the time of filing, the Defendants' counsel declined to agree to postpone the deposition until such time as Resource Associates can effect service of a subpoena for documents that, according to Resource Associates, Davis has been avoiding. Resource Associates requests that the Court quash the Notice of Deposition and order that Davis' deposition be postponed until such time as the witness agrees to provide documents responsive the subpoena that Resource Associates has issued.

**ANALYSIS**

While it would no doubt be more convenient for Resource Associates to have all of Davis' documents before the deposition, Resource Associates does not have the right to block the Defendants' discovery until it is ready to depose him. The Federal Rules of Civil Procedure do not set a priority for discovery, see Fed. R. Civ. P. 26(d) ("Unless, on motion, the court orders otherwise for the parties' and witness' conveniences and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery."), and while it often makes good sense to have a witness' documents before he or she is deposed, there is nothing in the rules that requires a document production before the deposition begins. If it was important that Davis be served with a subpoena duces tecum before the deposition, Resource Associates should have begun service efforts in late October rather than

-2-

waiting until November 20, 2008 to attempt to serve Davis with their subpoena.  The Court does not

believe that it is fair to delay the Defendants' discovery until Resource Associates is fully ready to

depose him.  On the other hand, if the Defendants, their counsel, and Davis are not willing to

facilitate the service of the subpoena and the production of the requested documents before the

deposition, the Court is inclined to allow Resource Associates to take Davis' deposition a second

time, at least by telephone, after the documents are produced.

   **IT IS ORDERED** that Resource Associates Motion to Quash Deposition Notice and for

Protective Order is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Patrick J. Rogers
Lorena Olmos de Madalena
Modrall Sperling Roehl Harris &
 Sisk, P.A.
Albuquerque, New Mexico

  *Attorneys for the Plaintiff and Counterdefendant*

David A. Streubel
Timothy R. Mortimer
Streubel Kochersberger Mortimer LLC
Albuquerque, New Mexico

  *Attorneys for the Defendants, Counterclaimants,*
   *and Crossclaimants*