IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RESOURCE ASSOCIATES GRANT WRITING
AND EVALUATION SERVICES, LLC,

      Plaintiff and Counterdefendant,

vs.                                                                          No. CIV 08-0552 JB/LAM

SHELLEY MABERRY, d/b/a,
MABERRY CONSULTING, INC., and
MABERRY CONSULTING AND
EVALUATION SERVICES, LLC,

      Defendants, Counterclaimants,
       and Crossclaimants,

vs.

DEBORAH MONTGOMERY,

      Crossclaim Defendant.

## MEMORANDUM OPINION AND ORDER

      **THIS MATTER** comes before the Court on Crossclaim Defendant Deborah Montgomery's Motion for Protective Order, filed January 13, 2009 (Doc. 132). The primary issue is whether the Court should preclude the Defendants/Crossclaimants from taking Crossclaim Defendant Deborah Montgomery's deposition in Albuquerque, New Mexico. Because the Court believes the burden on Montgomery is de minimis, and because Montgomery has not shown good cause, the Court will deny Montgomery's motion for a protective order.

      The Court has been unable to find any controlling or helpful law to guide its decision. Nevertheless, the Court believes basic deposition principles govern its conclusion. Plaintiff Resource Associates Grant Writing and Evaluation Services, LLC, filed this action in federal court

in Albuquerque, New Mexico. Montgomery owns Resource Associates. She knew that there was a high likelihood that she would be deposed and that the trial would be in Albuquerque. Albuquerque is thus not presumptively an unreasonable site for the deposition.

The Court does not believe that Montgomery's child-care obligations counsel that the deposition take place in Farmington. Montgomery has not explained her child-care obligations sufficiently to justify a protective order. Her motion lacks a particularized and specific demonstration of facts. She does not discuss her lack of alternatives or what she normally does when she is gone overnight.

While the Court has broad discretion over discovery, it also should not micro-manage discovery. The discovery is taking place within the District of New Mexico, so the burden of this deposition is not extraordinary on any party. If the deponent had to travel to New Mexico from another district, the Court would be on more familiar grounds. Farmington is 180 miles from Albuquerque. While the distance is not insignificant, it is not so substantial that the Court should interfere with the deposing party's choice of location. If Montgomery desires to be home every night, she may drive home. The Court's task is not to protect witnesses from every burden, but from undue burden. The Court does not believe the burden of this deposition in Albuquerque is undue.

The Defendants also state that it may not be logistically possible to make arrangements for a videotaped deposition in Farmington on short notice. Montgomery has not addressed this concern. Accordingly, the Court has some concern that her last minute attempt to change the location may preclude a videotaped deposition or require a videographer to travel to Farmington, thus increasing the cost of such deposition.

Further, Montgomery has only recently raised her childcare concerns.  The deposition has been scheduled for over a month and noticed since December 31, 2008.  The parties discussed final dates as late as January 7, 2009.  The location issue appears to be a recent concern.  Montgomery apparently first raised her concern on January 11, 2009.  If Montgomery wanted the deposition in Farmington, she should have brought the issue up in December, in informal discussions rather than by motion during the week before the deposition.

Moreover, there is also no reason to shift the cost of hotels and discovery to the defendants.  The defendants will incur considerable fees in paying for their counsels' travel expenses.  Montgomery's counsel are Albuquerque lawyers who will also have expenses.  The deposition in Farmington at least doubles litigation expenses in this case.  Finally, the Court's ruling should encourage parties to set depositions in mutually agreeable locations.  When the parties cannot agree, however, the Court should not interfere in the self-executing discovery unless there are exceptional or unusual circumstances.  This location dispute does not present exceptional or unusual circumstances.

In the reply, Montgomery contends that any Albuquerque deposition should be moved to February, after the discovery deadline.  This arrangement would require an extension of time.  There is no need to extend discovery without a more compelling reason than Montgomery has presented.

**IT IS ORDERED** that Motion for Protective Order is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Patrick J. Rogers
Lorena Olmos de Madalena
Modrall Sperling Roehl Harris &
  Sisk, P.A.
Albuquerque, New Mexico

>   *Attorneys for the Plaintiff and Counterdefendant*

David A. Streubel
Timothy R. Mortimer
Streubel Kochersberger Mortimer LLC
Albuquerque, New Mexico

>   *Attorneys for the Defendants, Counterclaimants,*
>      *and Crossclaimants*