## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

RESOURCE ASSOCIATES GRANT WRITING
AND EVALUATION SERVICES, LLC,

        Plaintiff and Counterdefendant,

vs.                                                                          No. CIV 08-0552 JB/LAM

SHELLEY MABERRY d/b/a
MABERRY CONSULTING, INC., and
MABERRY CONSULTING AND
EVALUATION SERVICES, LLC,

        Defendants, Counterclaimants,
          and Crossclaimants,

vs.

DEBORAH MONTGOMERY,

        Crossclaim Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendants' Motion to Allow Depositions

of James Baird, Jaycee Baird, and Farmington Police Department Officers Chad Byers and J.

Nichols, filed December 1, 2008 (Doc. 106).  The Court held a hearing on January 29, 2009.  The

primary issue is whether the Court should allow the Defendants to depose four witnesses to establish

that Crossclaim Defendant Deborah Montgomery filed this lawsuit out of hatred for Defendant

Shelley Maberry and that Montgomery, who has various personal problems, lashes out in anger

under certain circumstances.  For the reasons stated on the record, and for other reasons consistent

with those stated in this Memorandum Opinion and Order, the Court will allow a limited deposition

of James Baird about admissions that she has allegedly made to him.  The Court will also re-write

Resource Associates' stipulation about certain statements Montgomery made to Farmington Police Department Officer Chad Byers, and if Resource Associates can accept the Court's re-written stipulation, the Court will prohibit the deposition of Chad Byers. If, however, Resource Associates does not agree with the stipulation, the Court will permit the Byers deposition to go forward. At the present time, the Court will not allow the Defendants to depose Jaycee Baird or J. Nichols.

## FACTUAL BACKGROUND

The Defendants contend that Montgomery has and, for some time has had, an unhappy personal and professional life. The Defendants represent that Montgomery is in the midst of a divorce and that her company, Plaintiff Resource Associates Grant Writing and Evaluation Services, has not been successful. The Defendants contend that, when she is faced with personal or professional difficulties, Montgomery will lash out at others, often reacting severely to even minor issues.

In actions consistent with the Defendants' theories against Montgomery, Montgomery was arrested on July 19, 2008 for Domestic Violence on a Household Member against her live-in boyfriend, James Baird. According to the reports of the responding officers from the Farmington Police Department, Byers and Nichols, and from what James Baird and his teenage daughter, Jaycee Baird, has stated, Montgomery is an alcoholic who was intoxicated on July 19, 2008. According to the reports of the responding officers, after Montgomery and James Baird got into an argument, Mr. Baird took his daughter and left the residence. When the Bairds returned to the residence, which was apparently their home, they discovered that, since the argument, Montgomery had changed the lock on the front door. The Bairds then entered the house through the back door where Montgomery confronted them and where Montgomery and Mr. Baird got into an altercation. In the altercation, Montgomery, who was intoxicated, struck Mr. Baird. Montgomery was arrested because she struck

Mr. Baird in the face with a toothbrush holder and then struck him repeatedly with her hands.  Mr. Baird's daughter witnessed the assault.  In response to Byers' questions about the assault and incident, Montgomery told him that she was a multimillionaire and employed approximately 150 people.

## PROCEDURAL BACKGROUND

This case is in large part a breach-of-contract action.  Resource Associates brought this suit against the Defendants because Maberry allegedly breached a contract and has caused Resource Associates to lose, among other things, its clients and a portion of its business.  The Defendants filed a crossclaim alleging that Montgomery conspired with Resource Associates to defame the Defendants, particularly Maberry, and to maliciously abuse process, in part because Montgomery is allegedly directing her anger and jealously at the Defendants, particularly Maberry.  See Crossclaim, filed June 30, 2008 (Doc. 18).  Resource Associates maintains that, since filing the crossclaim, the Defendants have tried to confuse the basis of this case and its relevant facts with irrelevant facts regarding Montgomery's personal life that are completely extraneous to the underlying case.  Resource Associates contends that the Defendants bring these facts to light in an attempt to harass Montgomery and to shift the Court's, and ultimately the jury's attention to issues that are irrelevant and disruptive to justice being served.

The specific irrelevant situation, according to Resource Associates, that the Defendants seek to exploit to embarrass and harass Montgomery is the one in which Montgomery was arrested, on July 19, 2008, for Domestic Violence on a Household member against her boyfriend, James Baird.  The Defendants advised opposing counsel that they intended to depose James Baird, Jaycee Baird, Byers, and Nichols.  Resource Associates and Montgomery responded that the testimony of the Farmington witnesses would not be relevant.  Rather than subpoena the witnesses, litigate a motion

from Resource Associates and Montgomery to quash the subpoenas and for a protective order, then subpoena the witnesses again, the Defendants determined that the more expeditious course would be to discuss the Motion along with other discovery matters at an October 28, 2008 conference.

At the hearing/discovery conference on October 28, 2008, the Defendants' counsel told the Court that he wanted to depose the four individuals. The Court questioned the relevance of such depositions. The Court first questioned the Defendants' attorney why the evidence in the police reports would not be excluded as more prejudicial than probative under rule 403 of the Federal Rules of Evidence. The Defendants' counsel was unable to tell the Court why, specifically, any of these depositions would be relevant except for that of Byers, to whom Montgomery stated that she was a multimillionaire and employed 150 people. The Defendants' counsel explained that such an analysis was premature and that the Court should not impose a prior restraint on the depositions. The Defendants contended that it was not clear what the witnesses would say under oath or the many ways in which that testimony might be admissible at trial.

The Court stated that it was inclined not to allow the Defendants to depose these individuals because the Defendants could provide no reason that such depositions would provide relevant information. The Court advised the parties that it would be inclined to allow the Defendants to depose only Byers, but likely would not allow that deposition if Resource Associates and Montgomery provided certain stipulations. The Court indicated that, if formally asked, it would probably prevent the Defendants from taking those depositions because it appeared to the Court that the testimony of those witnesses provided minimal, if any, probative evidence, and that the discovery sought was extensive and intruded into sensitive family matters. The Court did not, however, say definitively that it would not allow the depositions of the Bairds and of Nichols.

The Court also indicated, however, that it would allow the Defendants to depose Byers,

because Montgomery stated to him that she is a multimillionaire who employs approximately 150 people.  The Court believes those facts have some relevance to the Defendants' theory that Montgomery is under stress and irrational, and that she is bringing this lawsuit to strike out or retaliate.  The Court further indicated, however, that it would not allow Byers' deposition if Resource Associates and Montgomery would stipulate to those facts.  The Defendants arranged Byers' deposition, but Resource Associates and Montgomery's counsel offered stipulations in lieu of the deposition.  The Defendants do not accept the stipulations.  The Defendants state that the proffered stipulations are not an adequate substitute for Byers' deposition.  The Defendants represent that, since the October 28, 2008 conference, the Defendants have learned that Montgomery has made various admissions to James Baird and that Jaycee Baird likely witnessed those admissions. The admissions are to the effect that Montgomery hates Maberry, and that Montgomery initiated this lawsuit because of that hatred.

The Defendants' motion thus comes on the heels of the Court's inclination given at the October 28, 2008, hearing.  The Defendants now return to the Court, making the same request they made on October 28, 2008.  Despite the Court's inclination not to allow any of the requested depositions, the Defendants on December 1, 2008, filed their motion requesting the Court to allow them to take the depositions of the named individuals.  The Defendants move the Court to allow them to depose Mr. Baird, Ms. Baird, Byers, and J. Nichols.

### RELEVANT LAW REGARDING DISCOVERY

"The strong policy of the federal discovery rules favoring full disclosure is of paramount importance."  In re Westinghouse Elec. Corp., 570 F.2d 899, 902 (10th Cir. 1978)(finding that district court abused its discretion in preventing a deposition despite a prior stipulation by parties that documents would be produced lieu of deposition).  On the other hand, the Court has noted in

prior cases that "[f]ederal district courts have broad discretion over discovery." Gulfstream Worldwide Realty, Inc. v. Phillips Electronics N. Am. Corp., 2007 U.S. Dist. LEXIS 97733, at *8-9 (D.N.M. 2007)(Browning, J.)(internal quotation marks and citations omitted). See Morrales v. E.D. Etnyre & Co., 229 F.R.D. 661, 662 (D.N.M. 2005)(Browning, J.). As the United States Court of Appeals for the Tenth Circuit stated in Cummings v. GMC, 365 F.3d 944 (10th Cir. 2004) : "The district court has broad discretion over the control of discovery, and we will not set aside discovery rulings absent an abuse of that discretion." 365 F.3d at 952. Furthermore, the Supreme Court of the United States has supported such discretion exercised by the district courts, stating that

> the requirement of Rule 26(B)(1) that material sought in discovery be "relevant" should be firmly applied and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . . [J]udges should not hesitate to exercise appropriate control over the discovery process."

Herbert v. Lando, 441 U.S. 153, 177 (1979).

Rule 26 of the Federal Rules of Civil Procedure states that discovery sought by the parties must be relevant to a party's claim or defense. See Fed. R. Civ. P. 26(b)(1). Pursuant to rule 26, as illustrated by the Tenth Circuit's and this Court's opinions, all discovery must be relevant, and it is the requesting party's burden to demonstrate such relevance. See Sanderson v. Winner, 507 F.2d 477, 480 (10th Cir. 1974)(stating that it was unnecessary to reach the issue of privilege because the requested discovery was not relevant and thus not permitted); Trujillo v. Board of Education of the Albuquerque Public Schools, 2007 U.S. Dist. LEXIS 33923, at *10 (D.N.M. 2007)(Browning, J.)(acknowledging that the discovery requesting party has an initial burden to demonstrate that the discovery sought is relevant). Furthermore, this Court has acknowledged that "'there is no presumption in the federal rules of civil procedure that a discovery request is relevant.'" Trujillo v. Board of Education of the Albuquerque Public Schools, 2007 U.S. Dist. LEXIS 33923, at *9

(quoting Thompson v. Jiffy Lube Int'l, Inc., No. 05-1203, 2006 U.S. Dist. LEXIS 27837 (D. Kan. 2007)).

For a court to allow any discovery request, regardless of its relevance, goes against the directives of rule 1 of the Federal Rules of Civil Procedure, which requires that all rules that govern procedure in all civil actions and proceedings in the United States district courts "be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Furthermore, the Supreme Court has stated that "[t]he discovery provisions, like all of the Federal Rules of Civil Procedure, are subject to the injunction of Rule 1." Herbert v. Lando, 441 U.S. at 177. Thus, allowing parties to seek any discovery, regardless whether the court finds the discovery to be irrelevant, would be unjust, overly time consuming, and an ineffective use of judicial resources, and would cause parties involved in litigation to incur astronomical expenses. For those reasons, Rule 26(c)(1) permits a court order that discovery requested by a party not be had. See Fed. R. Civ. P. 26(b)(1).

There are cases that suggest the courts should seldom grant orders preventing depositions. See, e.g., Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979)("It is very unusual for a court to prohibit the taking of a deposition altogether and absent extraordinary circumstances, such an order would likely be in error."); Jennings v. Family Management, 201 F.R.D. 272, 275 (D.D.C. 2001)("[C]ourts regard the complete prohibition of a deposition as an extraordinary measure which should be resorted to only in rare occasions."); Naftchi v. New York Univ. Med. Ctr., 172 F.R.D. 130, 132 (S.D.N.Y. 1997)("It is exceedingly difficult to demonstrate an appropriate basis for an order barring the taking of a deposition."); Frideres v. Schiltz, 150 F.R.D. 153, 156 (S.D. Iowa 1993)("Protective orders prohibiting depositions are rarely granted."); Rolscreen v. Pella Prods. of St. Louis, Inc., 145 F.R.D. 92, 96 (S.D. Iowa 1992)("Protective orders which totally prohibit the

deposition of an individual are rarely granted absent extraordinary circumstances."); <u>Motsinger v. Flynt</u>, 119 F.R.D. 373, 378 (M.D.N.C. 1988)("Absent a strong showing of good cause and extraordinary circumstances, a court should not prohibit altogether the taking of a deposition."); <u>In re McCorhill Publishing, Inc.</u>, 91 B.R. 223, 225 (S.D.N.Y. 1988)("A prohibition against the taking of an oral deposition is a very unusual procedure and a party who seeks a protective order prohibiting such a deposition bears a heavy burden of demonstrating good cause for such an order."); 8 C. Wright, A. Miller & R. Marcus, <u>Federal Practice and Procedure</u> § 2037, at 492-95 (2d ed. 1994).  Courts routinely reject the reasons proffered for preventing depositions such as the examination would cause undue labor, expense, and delay, that the examination would be premature, or that the examining party was offered stipulations.  <u>See</u> 8 C. Wright, A. Miller & R. Marcus, <u>supra</u> § 2037, at 492-504.

### ANALYSIS

The Defendants contend that the Court's analysis of the discovery and its imposition of prior restraint on the deposition discovery sought by the Defendants were incorrect.  The Defendants contend that the Court incorrectly required the Defendants to justify in advance the discovery they sought.  In fact, the Defendants contend, the starting point for a court considering a request to impose a prior restraint and prohibit a deposition is to recognize that depositions presumptively proceed under the Federal Rules of Civil Procedure.  The Defendants insist that they are entitled to depose all of the witnesses that they have identified.

The Court has the ability, however, to grant protective orders.  Discovery rulings fall within the Court's discretion.  In this case, the Court believes that its initial inclination at the October hearing to disallow much of the discovery now being requested was correct.  Accordingly, the Court will not allow the Defendants to take the depositions of the two police officers or Jaycee Baird at

this time.  The Court will allow a limited deposition of James Baird.  Given the stipulation that Resource Associates has proffered, and which the Court will partially rewrite, the Court will not allow the deposition of Byers.  If Resource Associates has problems with the Court's changes to the stipulation, then the Court will allow the deposition of Byers to go forward on the limited subject of the stipulation.

The deposition of Mr. Baird has the potential to lead to information relevant to this lawsuit.  Namely, the Defendants believe that Montgomery might have made admissions to James Baird about her motives for filing this lawsuit.  Because such discovery relates to this lawsuit, and to the Defendants' crossclaim against Montgomery, the Court will allow a limited deposition on that matter.  The other requested depositions appear to be irrelevant and to be vexatious and calculated more at harassing than at obtaining evidence.

The Defendants contend that, in announcing its intent to impose a prior restraint on deposition discovery, the Court wrongly asked the Defendants to predict what those witnesses may say and to justify the deposition discovery they sought.  There is no doubt that the Court reached this conclusion without knowing exactly what the witness' testimony is or will be.  Until the witnesses testify, no one can know precisely what they will be asked or what their answers will be.

Nevertheless, rational motion practice requires the parties and the Court, to a degree, to predict how witnesses' testimony may be relevant.  Any protective order necessarily is a prior restraint, and requires the court to engage in some prediction about what the sought testimony or evidence will show.  In this case, the Defendants have demonstrated the possibility of relevant evidence only with respect to James Baird.  The Defendants contend that Montgomery may have made admission to James Baird about filing her suit to get back at Maberry or because she hates Maberry.  Such information might be relevant, and the Court believes a limited deposition should

be allowed to explore it.

The other depositions appear to be calculated towards delving deeply into the domestic disturbance that resulted in the police responding to Montgomery's residence.  There is no sound reason to believe that the details of the altercation, which is a private and somewhat embarrassing matter, will have significant, if any,  bearing on this business litigation.  The stipulation that Resource Associates will make should permit the Defendants to bring in enough evidence of Montgomery's net worth to support their punitive damages claim about Montgomery.  And the limited deposition of Mr. Baird about her admissions will be sufficient to factually support her statements.  The Court may allow further evidence at trial about her instability within a limited scope, but the Court make the determination about precisely what it will allow to support the Defendants' theory either in motions in limine or at trial.[1]  Given the existence of the stipulation, there is no reason to allow three more depositions about Montgomery's admissions of finances, or about the sensitive and largely unrelated, July 19, 2008 event in Montgomery's personal life.  If Resource Associates ultimately rejects the terms of the stipulation, which the Court has re-written, the Court will allow the deposition of Byers to go forward.

The deposition of Ms. Baird and Nichols, however, are unnecessary at this time.  Allowing the deposition of Nichols would accomplish little, besides further embarrassing and harassing Montgomery.  Moreover, anything Nichols could provide would be cumulative.  Ms. Baird's

---

[1] All parties thought that all four witnesses were within the Court's subpoena power and thus available for trial, so there does not appear to be a need to preserve testimony.  Accordingly, the Court can decide what evidence, if any, for the July 19, 2008 incident the Court will allow closer to trial.  The Defendants already have a lot of evidence about the incident, and the Court can limit further discovery without precluding admission of some of the evidence already assembled.  If, however, the parties learn that the four witnesses might not be available for trial for some reason, they can reapproach the Court about the need to preserve testimony.

knowledge seems to come from James Baird.  If the deposition of James Baird brings to light facts that would make Ms. Baird a more relevant witness, the Defendants can re-approach the Court to discuss whether to allow a deposition of her or perhaps to require further stipulations.

The Defendants rely on In re Westinghouse Elec. Corp. for the proposition that it might be an abuse of discretion for the Court to accept a stipulation in the place of depositions.  In re Westinghouse Elec. Corp., however, presented a scenario in which potentially critical information came to light after the parties entered into a stipulation order which stated that there would be no deposition on certain matters covered in the stipulation order.  See 570 F.2d at 901-02.  Under such circumstances, the Tenth Circuit stated: "In view of the important matters revealed after the stipulation and order, we must hold that it would be inequitable to enforce an agreement against further questioning of [the witness], thus closing the door to development of potentially critical facts."  Id. at 902 (footnote omitted).  In this case, the limited potential relevant information that the Defendants might get from deposing Byers is also available through the stipulation.  Use of a stipulation in this case therefore does not close the door to development of potentially critical facts.

In conclusion, the Court will allow a limited deposition of James Baird.  If Resource Associates agrees to the Court's re-write of the stipulation it proffered, then the Court will not allow a deposition of Byers.  The Court will also not allow the depositions of Ms. Baird or Nichols at this time.

**IT IS ORDERED** that the Motion to Allow Depositions of James Baird, Jaycee Baird, and Farmington Police Department Officers Chad Byers and J. Nichols is granted in part and denied in part.

_____
UNITED STATES DISTRICT JUDGE

Counsel:

Patrick J. Rogers
Lorena Olmos de Madalena
Modrall Sperling Roehl Harris &
  Sisk, P.A.
Albuquerque, New Mexico

  *Attorneys for the Plaintiff and Counterdefendant*

David A. Streubel
Timothy R. Mortimer
Streubel Kochersberger Mortimer LLC
Albuquerque, New Mexico

  *Attorneys for the Defendants, Counterclaimants,*
   *and Crossclaimants*