**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

RESOURCE ASSOCIATES GRANT WRITING
AND EVALUATION SERVICES, LLC,

      Plaintiff and Counterdefendant,

vs.                                                              No. CIV 08-0552 JB/LAM

SHELLEY MABERRY, d/b/a,
MABERRY CONSULTING, INC., and
MABERRY CONSULTING AND
EVALUATION SERVICES, LLC,

      Defendants, Counterclaimants,
       and Crossclaimants,

vs.

DEBORAH MONTGOMERY,

      Crossclaim Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Letter from David A. Streubel to the Court (dated May 18, 2009), filed May 29, 2009 (Doc. 221)("May 18 Letter"); and (ii) the Letter from David A. Streubel to the Court (dated May 28, 2009), filed May 29, 2009 (Doc. 224). The Court held a hearing on May 28, 2009. The primary issues are: (i) whether the Court should order Plaintiff Resource Associates Grant Writing and Evaluation Services, LLC, to execute a new release agreement with an effective date of May 4, 2009; and (ii) whether the Court should award Defendants, Counterclaimants, and Crossclaimants their attorney fees for the work that was necessary to spur Resource Associates to conclude the settlement to which Resource Associates had already agreed. For the reasons stated at the status conference and for other reasons set forth in this

Memorandum Opinion and Order, the Court will not order Resource Associates to execute a new agreement. The Court will also not award attorney's fees given the record before the Court, although the Defendants are free to renew their request if they desire.

## **PROCEDURAL BACKGROUND**

At the May 4, 2009 Settlement Conference with the Honorable Robert Scott, United States Magistrate Judge, the parties reached an agreement to settle this lawsuit. A primary condition of the Defendants for settlement was that the parties agree to a global release and that the settlement documents not contain any obligations that Resource Associates could contend were breached, and thus begin new litigation on that basis. The Defendants represent that they made that condition clear to Resource Associates and to Judge Scott.

Resource Associates volunteered to draft the settlement documents. On May 5, 2009, Resource Associates transmitted a draft motion and order for dismissal. See Exhibit 2 to May 18 Letter at 1. The next day, on May 6, 2009, the Defendants returned the motion and order to dismiss with some revisions, and also sent a Release Agreement. See Exhibit 3 to May 18 Letter. By May 8, 2009, the Defendants had not heard anything from Resource Associates and thus sent an electronic-mail message inquiring about the status of the settlement. See Electronic-Mail Message from David Streubel to Patrick J. Rogers and Lorena Olmos de Madalena at 1(dated May 8, 2009). That same day, Resource Associates suggested another revision in return electronic-mail messages. See Electronic-Mail Message from Patrick J. Rogers to David Streubel at 1 (dated May 8, 2009).

The Defendants accepted those changes, made some additional corrections that were not substantive, and sent the document back to Resource Associates' counsel in less than an hour. See Electronic-Mail Message from David Streubel to Patrick J. Rogers at 1 (dated May 8, 2009). The Defendants also asked for confirmation that the document was agreeable to Resource Associates and

final.  See id.  Resource Associates' lawyers replied the next day, May 9, 2009, that "it's a go" and that they were immediately sending the document to Resource Associates for signature.  See Electronic-Mail Message from Patrick J. Rogers to David Streubel at 1 (dated May 9, 2009).

The Defendants did not hear from Resource Associates by May 11 and sent an electronic-mail message to Resource Associates' attorneys, explaining that the Defendants had executed the Release Agreement and asking if Resource Associates intended to file the joint motion to dismiss and to submit the order.  See Electronic-Mail Message from David Streubel to Patrick J. Rogers at 1 (dated May 11, 2009).  Resource Associates filed the joint motion two days later on May 13, 2009, see Doc. 218, but it had not yet executed the Release Agreement.  The Defendants sent an electronic-mail message to Resource Associates' attorneys, asking about the Release Agreement. See Electronic-Mail Message from David Streubel to Patrick J. Rogers at 1 (dated May 13, 2009, 9:45 a.m.).

Not wanting to risk the Court dismissing the case before the Defendants received the signed Release Agreement, David Streubel, the Defendants' counsel, telephoned and requested the Court not to enter the order dismissing the case until he had received the Release Agreement that Resource Associates had executed.  Mr. Streubel notified Resource Associates of his request to the Court.  See Electronic-Mail Message from David Streubel to Patrick J. Rogers at 1 (dated May 13, 2009, 10:10 a.m.).  Mr. Streubel left a voicemail message for Resource Associates' attorney explaining that he expected to receive from Resource Associates a signed Release Agreement that was dated on the date of the Settlement Conference, May 4, 2009.

The next day, May 14, 2009, Mr. Streubel received an electronic-mail message from Resource Associates' attorney telling Mr. Streubel that Resource Associates' attorneys expected to have a release shortly.  See Electronic Mail Message from Patrick J. Rogers to David Streubel at 1

(dated May 14, 2009, 1:04 p.m.).  Later that day, Mr. Streubel received another electronic-mail message from Resource Associates' counsel, promising a signed Release Agreement the next day, May 15, 2009.  See Electronic Mail Message from Patrick J. Rogers to David Streubel at 1 (dated May 14, 2009, 3:22 p.m.).   Mr. Streubel reiterated that the release needed to be dated the date of the Settlement Conference.  See Electronic-Mail Message from David Streubel to Patrick J. Rogers at 1 (dated May 14, 2009).

On May 26, 2009, Mr. Streubel wrote another letter to the Court explaining that, while Resource Associates had executed and returned the signature page to the release agreement, the signature page was not dated.  See Letter from David Streubel to the Court at 1 (dated May 26, 2009).  On May 28, 2009, Mr. Streubel followed that letter up with another letter in which he requested that, at the status conference, the Court compel Resource Associates and Defendant Deborah Montgomery to execute a revised release agreement that makes clear the effective date of the release.  See  Letter from David Streubel to the Court at 1 (dated May 28, 2009).

As a result of the efforts he has made to get the settlement documents executed, Mr. Streubel asks the Court to award him his attorney's fees.  In support of his request for attorney's fees, Mr. Streubel asserts his belief that "Resource Associates delayed complying with the terms of the settlement to cause defendants to expend additional attorney fees in this matter." Declaration of David. A. Streubel in Support of Defendants' Request for Attorney Fees to Compel Settlement at 3, filed May 27, 2009 (Doc. 220).  At the status conference, Mr. Streubel also expressed his belief that the reason Resource Associates delayed properly executing the settlement documents was that Resource Associates wished to engage in behavior that would harm the Defendants for the brief period of time before they executed the release agreement.  Mr. Streubel argued that, by pushing forward the effective date of the release agreement, Resource Associates was extending the time

period in which it could engage in these harmful activities under the cloak of the release. See Transcript of Status Conference at 6:1-15 (taken May 28, 2009)(Streubel)("Tr.").[1]

## ANALYSIS

The Defendants request two things: (i) an order from the Court compelling Resource Associates to execute a new release agreement with an effective date of May 4, 2009; and (ii) attorney's fees for the work Mr. Streubel performed trying to get the documents finalized for the settlement. The Court has carefully considered both parties' arguments and the Letters that have been sent to the Court. In light of the information that the parties have provided, the Court is, at this time, disinclined to grant either request.

### I. THE COURT IS NOT, ON THE RECORD BEFORE IT, INCLINED TO MAKE MAY 4, 2009 THE EFFECTIVE DATE OF THE RELEASE AGREEMENT.

Regarding the effective date of the release agreement, the Defendants conceded at the hearing that the effective date was not a material term that the parties contemplated at the original settlement conference. See id. at 5:13-16 (Streubel). The Defendants insisted, however, that the date became material later because of Resource Associates' alleged bad-faith delay. See id. at 6:1-7:15 (Streubel). In light of the Defendants' representations at the hearing, the Court informed the parties that it was not inclined to find that the effective date was a material term that the parties had contemplated and was not inclined to order Resource Associates to execute a new release with an effective date of May 4, 2009. The Court offered, however, to allow the Defendants to have a hearing at which they could present affidavits or other evidence and develop a more complete record upon which the Court could make an informed ruling if they wished to further pursue the matter.

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

The Defendants declined the offer and stated:

> I think that the record that I have to offer is pretty much before the Court. I think the marginal cost of going forward with any of these things is probably not worth it for the parties or for the Court, and so I think with that we can consider the settlement concluded because the release agreement is concluded. And as far as defendants are concerned, the Court can enter the stipulated order of dismissal.

Tr. at 15:1-8 (Streubel). Resource Associates' attorney agreed with that conclusion. See id. at 9-11 (Court, Rogers).

## II.   THE COURT IS NOT INCLINED TO AWARD THE DEFENDANTS ATTORNEY'S FEES.

Although he requests attorney's fees, Mr. Streubel has not cited any legal basis for the Court to deviate from the general rule that parties bear their own legal costs. Mr. Streubel has, however, articulated an argument to the effect that Resource Associates had a bad faith motive in delaying or protracting the termination of the settlement. Construed in those terms, the Court's research reveals that the Court probably has some authority, under the right circumstances, to award attorneys fees in situations similar to the one presented at this time.

> 18 U.S.C. § 1927 provides:
>
> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

18 U.S.C. § 1927. A court may appropriately award sanctions under § 1927 when an attorney acts "recklessly or with indifference to the law . . ." or "when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; or when the entire course of the proceedings was unwarranted." Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C., Nos. 04-1465, 05-1080, 2005 U.S.App. LEXIS 26656, at *21 (10th Cir. 2005)(quoting Braley v.

Campbell, 832 F.2d 1504, 1511 (10th Cir. 1987) and Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1342 (10th Cir. 1998)).

In Union Pacific Railroad Company v. Larkin, 2005 WL 3664426 (D.N.M. 2005)(Browning, J.), this Court dealt with a request for attorney's fees that arose out of a motion to enforce a settlement agreement. See 2005 WL 3664426, at *1. In Union Pacific Railroad Company v. Larkin, after the parties had agreed to certain settlement terms at a settlement conference, two plaintiffs refused to execute settlement documents that reflected the terms agreed to at the settlement conference. See id. at *2. The defendants in Union Pacific Railroad Company v. Larkin therefore filed a motion to enforce the settlement and requested that the Court award attorney's fees for having to file the motion to enforce. See id. While the Court in Union Pacific Railroad Company v. Larkin granted the motion to enforce the settlement agreement, the Court declined to award attorney's fees. The Court found that 18 U.S.C. § 1927 gave it authority to order attorney's fees against an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." Union Pacific Railroad Company v. Larkin, 2005 WL 3664426, at *2. While the Court therefore had authority to award fees, it reasoned that the plaintiffs' refusal to sign the documents was not unreasonable or vexatious to the extent that an award of attorney's fees would be warranted. See id. at *3-4.

The United States Court of Appeals for the Seventh Circuit has also found that a Court may order a party to pay attorney's fees for a motion to enforce a settlement agreement. See Dal Pozzo v. Basic Machinery Co., Inc., 463 F.3d 609, 613 (7th Cir. 2006). The Seventh Circuit in Dal Pozzo v. Basic Machinery Co., Inc. noted that such power arose from two possible sources: 18 U.S.C. § 1927 and the court's inherent powers. See Dal Pozzo v. Basic Machinery Co., Inc., 463 F.3d at 613. The Seventh Circuit in Dal Pozzo v. Basic Machinery Co., Inc. also stated that bad faith is a prerequisite to awarding fees under 18 U.S.C. § 1927. See Dal Pozzo v. Basic Machinery Co., Inc.,

463 F.3d at 615.

The Supreme Court of the United States has explained that courts have "inherent powers" to "assess attorneys' fees for the 'willful disobedience of a court order . . . as part of the fine to be levied on the defendant.'" Roadway Express., Inc. v. Piper, 447 U.S. 752, 766 (1980)(quoting Toledo Scale Co. v. Computing Scale Co., 261 U.S. 399 (1923))(alterations in Roadway Express., Inc. v. Piper). The Supreme Court in Roadway Express., Inc. v. Piper also noted:

> The power of a court over members of its bar is at least as great as its authority over litigants. If a court may tax counsel fees against a party who has litigated in bad faith, it certainly may assess those expenses against counsel who willfully abuse judicial processes. . . . Like other sanctions, attorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record. But in a proper case, such sanctions are within a court's powers.

Roadway Express., Inc. v. Piper, 447 U.S. at 766-67 (citations and footnotes omitted).

Thus, while Mr. Streubel does not cite any authority for the Court's power to grant attorney's fees for a motion to enforce a settlement or for similar efforts to speed along the execution of settlement documents, the Court believes it has such power under the appropriate circumstances. Because the Defendants did not cite any support for their request for fees, and because much of the research had been the Court's at the time of the hearing, Resource Associates stated it wanted to brief whether the Court had the power to grant fees and, if it had the power, under what circumstances fees were appropriate. The Court thus informed the parties at the hearing, however, that, before it would be willing to award fees, it would require a motion and a hearing so that both parties would have the opportunity to brief the issue and be heard. See Roadway Express., Inc. v. Piper, 447 U.S. at 767 ("[A]ttorney's fees certainly should not be assessed lightly or without fair notice and an opportunity for a hearing on the record."). The Court also advised the parties, however, that, based on the record currently before it, it was not inclined to find bad faith on the part

of Resource Associates or its attorneys, or to grant the sanctions that the Defendants seek.

Based on the Court's discussion at the hearing, and on the Court's offer for the Defendants to file a motion and have a hearing, Mr. Streubel informed the Court that the Defendants would rather not go through the process. See Tr. at 15:1-8 (Streubel). Thus, the Defendants have decided not to pursue attorney's fees through a motion. See id. The Court will therefore not grant the request for attorney's fees.

In sum, the Court finds that it has the power to award attorney's fees in this case, if a proper record is developed with evidence supporting such fees. Although the Court offered the Defendants an opportunity to have a hearing to develop a record upon which the Court could properly rule regarding attorney's fees and the effective date of the release agreement, the Defendants declined the offer. The Court will therefore accept the parties' representations that the settlement is concluded and will enter the stipulated order of dismissal.

**IT IS ORDERED** that the requests for the Court to compel the execution of a new release agreement with an effective date of May 4, 2009, and for attorney's fees, are denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Patrick J. Rogers
Lorena Olmos de Madalena
Modrall Sperling Roehl Harris &
  Sisk, P.A.
Albuquerque, New Mexico

*Attorneys for the Plaintiff and Counterdefendant, and Crossclaim Defendant*

David A. Streubel
Timothy R. Mortimer
Streubel Kochersberger Mortimer LLC
Albuquerque, New Mexico

> *Attorneys for the Defendants, Counterclaimants,
>   and Crossclaimants*